UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PEREZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>R. PADILLA,<br><br>          Defendant. | 1:14-cv-01730-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT (ECF No. 15; also resolves ECF No. 14.) |

**I.     BACKGROUND**

Joseph Perez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 6, 2014.  (ECF No. 1.)  On November 6, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 3.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The court screened Plaintiff's Complaint and issued an order on February 5, 2015, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.) On April 15, 2015, Plaintiff filed the First Amended Complaint, which awaits the court's requisite screening. (ECF No. 12.)

On September 8, 2015, Plaintiff filed a request for entry of default against defendant Padilla. (ECF No. 15.)

## II.  ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

### Plaintiff's Request

Plaintiff requests entry of default against defendant Padilla. Plaintiff provides a proof of service showing that he mailed a copy of the First Amended Complaint to defendant Padilla on September 3, 2015. (ECF No. 15 at 2.) Plaintiff asserts that defendant Padilla has not responded and therefore default should be entered against defendant Padilla.

### Discussion

Plaintiff's proof of service is not sufficient to show that defendant Padilla was properly served with process pursuant to Rule 4. Fed. R. Civ. P. 4. Moreover, it is not time for service of process in this case, because the court has not completed its requisite screening. The court is required by law to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity, such as the instant action brought pursuant to 42 U.S.C. § 1983, and the court will initiate service of process *sua sponte* after the court has screened the complaint and determined that it contains cognizable claims for relief against defendant Padilla.  28 U.S.C. § 1915A(a).   Here, the First Amended Complaint awaits the court's screening, and defendant Padilla has not been properly served.  Therefore, Plaintiff's request for entry of default must be denied.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against defendant Padilla, filed on September 8, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **September 9, 2015**                                    **/s/ Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE