UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PEREZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>R. PADILLA,<br><br>          Defendant. | 1:14-cv-01730-EPG-PC<br><br>ORDER GRANTING LEAVE TO AMEND THE COMPLAINT<br><br>ORDER DIRECTING CLERK TO FILE SECOND AMENDED COMPLAINT LODGED ON MAY 26, 2016<br>(EPG No. 22.)<br><br>ORDER DENYING REQUEST FOR ENTRY OF DEFAULT |

**I.     BACKGROUND**

Joseph Perez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 6, 2014. (ECF No. 1.)

On November 6, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 3.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 5, 2015, the Court dismissed the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.) On April 15, 2015, Plaintiff filed the First Amended

Complaint, which awaits the Court's requisite screening. (ECF No. 12.) On May 26, 2016, Plaintiff lodged a proposed Second Amended Complaint. (ECF No. 22.)

## II.     LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the Court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint once, Plaintiff requires leave of Court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, Courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### Discussion

The Court finds no bad faith or futility in Plaintiff's proposed amendment. The proposed Second Amended Complaint arises from the same events at issue in the Complaint for this action and appears duplicative of the First Amended Complaint, with the addition of exhibits. Because the First Amended Complaint awaits the Court's requisite screening and has not been served, there will be no undue delay or prejudice to Defendants in allowing Plaintiff to proceed with the Second Amended Complaint. Therefore, Plaintiff shall be granted leave to amend, and the Second Amended Complaint shall be filed.

## III.    REQUEST FOR ENTRY OF DEFAULT

Plaintiff has written on the front page of the Second Amended Complaint, "notice of entery [sic] request to enter default." (ECF No. 22 at 1.) To the extent that Plaintiff brings a

motion for entry of default against any of the defendants, such motion is denied. As the Court advised Plaintiff it its order of September 9, 2015, it not time for service in this case, and there is no evidence that any of the defendants have been properly served. (ECF No. 16.) Therefore, default may not be entered against any of the defendants under Rule 55(a) of the Federal Rules of Civil Procedure at this stage of the proceedings.

### IV.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff is GRANTED leave to amend the complaint;
2. The Clerk is directed to FILE the proposed Second Amended Complaint which was lodged on May 26, 2016;
3. The Second Amended Complaint shall be screened in due course; and
4. To the extent that Plaintiff has brought a request for default against any of the defendants, the request is DENIED.

IT IS SO ORDERED.

Dated:   **June 13, 2016**                         /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE