UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PEREZ,<br><br>           Plaintiff,<br><br>    v.<br><br>R. PADILLA,<br><br>           Defendant. | 1:14-cv-01730-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S ORAL MOTION FOR APPOINTMENT OF PRO BONO COUNSEL |

Joseph Perez ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 31, 2017, the Court held a hearing on Defendant's motion to dismiss. (ECF No. 42). At the hearing Plaintiff made what the Court construed as an oral motion for the appointment of pro bono counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand,

113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. At the hearing on the motion to dismiss, Plaintiff stated that he was illiterate. Additionally, based on the record in this case, it does appear that Plaintiff is having trouble responding appropriately to court orders. However, at this early stage in the proceedings the Court cannot make a determination that Plaintiff is likely to succeed on the merits. While at the screening stage Plaintiff's complaint was found to state a claim (ECF No. 25), there is currently a pending motion to dismiss (ECF No. 30). Accordingly, the Court will deny the oral motion for appointment of pro bono counsel.

Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings. Additionally, nothing in this order prevents Plaintiff from hiring his own counsel.

Accordingly, based on the foregoing, Plaintiff's oral motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **February 6, 2017**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE