UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PEREZ,<br><br>    Plaintiff,<br><br>v.<br><br>R. PADILLA,<br><br>    Defendant. | 1:14-cv-01730-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BE DENIED<br><br>ORDER DENYING DEFENDANT'S MOTION TO STRIKE<br><br>(ECF NO. 30)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**I.  BACKGROUND**

Joseph Perez ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's First Amended Complaint ("Complaint"), filed on April 15, 2015, against defendant R. Padilla ("Defendant"), a correctional officer, for violation of the Eighth Amendment based on excessive force.  (ECF Nos. 12, 25, & 28).

On November 15, 2016, Defendant filed a Rule 12(b)(6) motion to dismiss on the grounds that Plaintiff's claims are barred by the favorable termination rule under Heck v. Humphrey, 512 U.S. 477 (1994); that Plaintiff failed to state a claim for excessive force in violation of the Eighth Amendment, and that Defendant is entitled to qualified immunity.  (ECF

No. 30, p. 7). Defendant's arguments stem from the fact that Plaintiff was found guilty of a rules violation, specifically "Resisting/Obstructing a Peace Officer" while in prison, resulting in a loss of 90 days good time credits. That Rules Violation Report included findings regarding the incident that Defendant claims are inconsistent with Plaintiff's excessive force claim in this case. Because the Rules Violation resulted in a change in Plaintiff's duration of confinement, however minor, Defendant claims that Plaintiff's only recourse was to file a petition for habeas corpus to challenge the Rules Violation Report, and should now be precluded from pursuing his Section 1983 claim in this Court.

On December 21, 2016, Plaintiff filed a response to the motion. (ECF No. 35). The Court heard oral argument on January 31, 2017. (ECF No. 42). Defendant's motion to dismiss is now before the court.

For the reasons described below, this Court recommends denying Defendant's motion to dismiss because a finding of excessive force in this case would not "necessarily imply the invalidity" of the guilty finding of resisting/obstructing a peace officer.

## II.   PLAINTIFF'S ALLEGATIONS AND CLAIMS

Plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Avenal State Prison ("ASP") in Avenal, California. Plaintiff's allegations stem from conduct that occurred while Plaintiff was incarcerated at ASP. Plaintiff's factual allegations follow.

Plaintiff alleges that, on October 23, 2013, while leaving the Dining Hall after the evening meal, Correctional Officer Andrade ordered Plaintiff to empty his cup of potatoes. After Plaintiff complied, his legs were kicked out to the sides and Plaintiff was slammed to the ground. Andrade stated "next time I'll spray you." Plaintiff was then escorted to the Program Office by Correctional Officer Medina, taken to the security cage area, and again slammed against a wall.

At this point, Defendant R. Padilla entered the area and slammed Plaintiff's head with sufficient force into the window of an office to break the glass and cause multiple head

lacerations. Defendant Padilla then slammed Plaintiff to the ground as he was bleeding. Plaintiff was taken to the hospital and received stitches.

Following a prison disciplinary hearing, Plaintiff was found guilty of "Resisting/Obstructing a Peace Officer." The relevant part of the Guilty determination is as follows:

> FINDINGS: Inmate PEREZ is found GUILTY of violating C.C.R. § 3005(d)(1), specifically, RESISTING/OBSTRUCTING A PEACE OFFICER. This finding is based on the following:
>
> A) Based upon the Reporting Employee's written account of the alleged misconduct as documented in the circumstances portion of the CDC-115 which states in part: "PEREZ began to become verbally hostile towards Correctional Officer Medina, yelling, "Get your fucken hands off me mother fucker." PEREZ in a sudden burst pulled away from my grasp and lunged forward, striking his head into the window of an office door, causing the glass to break. Medical Staff asked for PEREZ to be turned on his back to tend to his injuries. PEREZ began to thrash about by kicking his legs."
>
> B) Medical Report(s) of Injury (CDC 7219) dated 10/24/13, Completed on Inmate PEREZ AM-9461, documents injuries consistent with the Reporting Employee's written report; specifically, a Cut-Laceration to the head area.
>
> C) The Two (2) Investigative Employee Reports authored by Officer M. Esquer and Officer J. Silva in which Inmate PEREZ did not offer any evidence supporting his claim of innocence; PEREZ refused to participate in his own defense
>
> The aforementioned items constitute a preponderance of evidence and thereby support a finding of GUILTY.

(ECF No. 30-5, at p. 6)

The Court screened Plaintiff's First Amended Complaint, ordering that the case proceed against Defendant R. Padilla only for violation of the Eighth Amendment based on excessive force. (ECF No. 25, p. 6).

### III.  DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss the Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) on the grounds that: (1) Plaintiff's claims are barred by the favorable termination rule articulated in Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997); (2) Plaintiff has failed to state a claim for

excessive force in violation of the Eighth Amendment claim; and (3) Defendant is entitled to qualified immunity. (ECF No. 30, p. 7). Defendant also moves pursuant to Rule 12(f) to strike Plaintiff's request for punitive damages as not recoverable as a matter of law based on the facts alleged. (Id.).

Defendant's motion to dismiss is premised on the argument that by not filing a petition for habeas corpus to challenge the guilty finding of Resisting/Obstructing a Peace Officer, Plaintiff cannot pursue a claim for excessive force or otherwise contradict any of the factual findings included in the Guilty determination.

### A. Legal Standard for a Motion to Dismiss

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 678 (citing Twombly, 550 U.S. at 555). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Twombly, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads a claim to relief that is plausible on its face. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) (rejecting the traditional

12(b)(6) standard set forth in Conley, 355 U.S. at 45-46). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 678 (citing Twombly, 550 U.S. at 556). The standard for plausibility is not akin to a probability requirement, but it requires more than a sheer possibility that a defendant has acted unlawfully. Id.

### B. Legal Standard for an Eighth Amendment Excessive Force Claim Under § 1983

In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988);

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillan, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

### C. Legal Standard for Qualified Immunity

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. Al–Kidd, 563 U.S. 731, 735 (2011) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

To be clearly established, a right must be sufficiently clear "that every 'reasonable official would [have understood] that what he is doing violates that right. <u>Reichle v. Howards</u>, 132 S. Ct. 2088, 2090 (2012) (quoting <u>Ashcroft</u>, 563 U.S. at 741) (alteration in original). This immunity protects "all but the plainly incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986).

IV. **DISCUSSION**

    A. **Plaintiff's 42 U.S.C. § 1983 Case is Not Barred by the Favorable Termination Rule Pursuant to Heck v. Humphrey and Edwards v. Balisok**

Defendant asserts that because Plaintiff was assessed a 90-day forfeiture of time credit as a result of a Rules Violation Report related to the incident at issue, unless and until the disciplinary finding is overturned by a writ of habeas corpus or on direct appeal, expunged by executive order, or declared invalid by a state tribunal, Plaintiff cannot assert this claim for excessive force under § 1983. (ECF No. 30, pgs. 13-15)

    i. *Legal Standard*

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable-termination rule laid out in <u>Heck</u> preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues for relief. <u>Muhammad v. Close</u>, 540 U.S. 749, 750-751 (2004). The Supreme Court extended the <u>Heck</u> favorable termination rule to prison disciplinary proceedings. <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997); <u>Nettles v. Grounds</u>, 830 F.3d 922, 927 (9th Cir. 2016), <u>cert. denied,</u> No. 16-6556, 2017 WL 69407 (U.S. Jan. 9, 2017).

"Challenges to disciplinary proceedings are barred by <u>Heck</u> only if the § 1983 action would be seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served." <u>Id.</u>, at 927. "…[I]f the district court determines that the

plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed…." Heck, 512 U.S. at 487.

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would ***necessarily*** render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003). In Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Heck, 512 U.S. at 487 "In evaluating whether claims are barred by *Heck,* an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" Cunningham v. Gates*,* 312 F.3d 1148, 1153-54 (9th Cir.2002) (quoting Heck, 512 U.S. at 487).

    *ii.*  *Analysis*

Plaintiff's § 1983 claim stems from a physical altercation between Plaintiff and Defendant. Plaintiff alleges that Defendant's use of excessive force caused Plaintiff's head to be "slammed with sufficient force into the window of an office door to break the glass and cause multiple head lacerations. Defendant Padilla then slammed [Plaintiff] to the ground as [he] was bleeding profusely." (ECF No. 12, p. 5).

Defendant claims that a finding of excessive force would contradict portions of the factual findings underlying the guilty determination, specifically that "PEREZ in a sudden burst pulled away from my grasp and lunged forward, striking his head into the window of an office door . . . ." In other words, Plaintiff's complaint alleges that Defendant Padilla slammed Plaintiff's head into a window, whereas the factual findings in the RVR allege that Plaintiff slammed his own head into a window.

While the Court recognizes the inconsistency in these factual allegations listed in the guilty determination, the critical question is whether the finding of excessive force would "*necessarily* render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement"—not whether it would contradict facts listed in the underlying factual findings.

The conviction at issue here was for "Resisting/Obstructing a Peace Office," under California Code of Regulations title 15, § 3005(d)(1), which states: "Inmates shall not willfully commit or assist another person in the commission of assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person." Notably, the portion of the RVR's factual account that refers to Plaintiff's actual resisting an officer states "PEREZ began to become verbally hostile towards Correctional Officer Medina, yelling, "Get your fucken hands off me mother fucker."" Although the factual findings go on to describe what happened following this resistance, i.e. that Plaintiff slammed his own head into the window, those actions do not describe resisting/obstructing an officer and are not critical to the guilty findings. Put another way, slamming one's own head into a window is not an assault on an officer or a threat upon that officer. Rather, that portion of the findings describes events that occurred after Plaintiff's resistance to the office.

Because the contradictory facts relate to what happened after the alleged resistance of the officer, it is possible that Defendant could have used excessive force in violation of the Eighth Amendment, as Plaintiff alleges in this case, without invalidating the guilty findings of resisting/obstructing a peace officer. Therefore, if Plaintiff is successful in this § 1983 action, it would not *necessarily* render the RVR guilty finding invalid.

Other courts have ruled similarly when facing a similar situation. For example, the Ninth Circuit ruled in Hooper v. Cty of San Diego, 629 F.3d 1127, 1133 (9th Cir. 2011) that the plaintiff's Fourth Amendment excessive force claim was not barred by Heck because "[a] holding in Hooper's § 1983 case that the use of the dog was excessive force would not negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of [Hooper's] attempt to resist it [when she jerked her hand away from Deputy Terrell]." (internal quotation marks and

citation omitted).  See also Yount v. City of Sacramento, 43 Cal.4th 885, 899, 76 Cal.Rptr.3d 787, 183 P.3d 471 (2008), ("Though occurring in *one continuous chain of events,* two isolated factual contexts would exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer.").

See also El–Shaddai v. Wheeler, No. CIV S–06–1898 KJM EFB P, 2011 WL 1332044 at *5 (E.D. Cal. Apr. 5, 2011) (finding that an Eighth Amendment excessive use of force claim is not Heck-barred because "a judgment for plaintiff on his Eighth Amendment claim would not necessarily imply the invalidity of his disciplinary conviction" for willfully resisting a peace officer); Meadows v. Porter, No. S–07–0475 HDM RAM, 2009 WL 3233902 at *2 (E.D. Cal. Oct. 2, 2009) (finding that an Eighth Amendment excessive use of force claim is not Heck-barred because a finding that an officer "responded to the attempted battery with excessive force would not negate any of the elements of attempted battery. And although the two incidents are closely related and occurred one right after the other, they are separate and distinct events."); Shelton v. Chorley, No. 1:07-CV-560-MHM, 2011 WL 1253655, at *4 (E.D. Cal. Mar. 31, 2011), aff'd, 487 F. App'x 388 (9th Cir. 2012) (finding that attempted battery and excessive force are not mutually exclusive…. "It is possible that Plaintiff attempted to batter Defendant *and* that Defendant used excessive force in subduing Plaintiff." "Additionally, the attempted battery in this case – Plaintiff's attempt to strike Defendant – occurred before Defendant had applied any of the force at issue in this case.")  Green v. Goldy, No. CIV S-10-0162 DAD P, 2011 WL 2445872, at *6 (E.D. Cal. June 15, 2011), report and recommendation adopted, No. CIV S-10-0162 GEB, 2011 WL 3583415 (E.D. Cal. July 11, 2011) (finding that an Eighth Amendment excessive use of force claim was not Heck-barred because it "would not necessarily imply the invalidity of the disciplinary conviction under § 3005(d)…. [A] reasonable factfinder could conclude both that plaintiff's conduct during his escort to the program office violated § 3005(d) and that defendant Goldy used excessive force in respond to plaintiff's conduct.").  The facts of Green v. Goldy No. CIV S-10-0162 DAD P, 2011 WL 2445872, (E.D. Cal. June 15, 2011), are similar to the instant case.  In both there was a physical altercation between the plaintiff and a correctional officer, each plaintiff alleged excessive force

was used by the correctional officers, and good-time credit forfeitures were assessed as a result of guilty findings pursuant to rule violation reports.  Additionally, the defendants in each case argued that the § 1983 excessive force claim was barred by Heck.  In Green the plaintiff alleged that he was removed from a pill line and escorted in handcuffs to a program office.  During the escort, plaintiff alleges that defendant Goldy attempted to shove the plaintiff's head into a fence post and door frame.  The plaintiff was ordered to enter Cage 1, and as he complied, was pushed forward by defendant, causing him to fall face first into the pavement, resulting in a head injury and necessitation twelve stitches.  The plaintiff appeared at a disciplinary hearing where he was found guilty of "Resisting a Peace Officer Requiring Use of Force," was assessed a 90-day loss of credits and 90-day loss of yard privileges.  After the plaintiff filed a § 1983 civil rights claim, defendant Goldy argued that the Eighth Amendment Excessive Use of Force claim was Heck-barred.  The court found that "[a]lthough plaintiff's conduct and defendant Goldy's alleged excessive use of force arise out of the same incident, two separate factual predicates exist, the first giving rise to plaintiff's disciplinary conviction and the second giving rise to defendant Goldy's potential civil liability."  The court in Goldy found that the plaintiff's excessive use of force claim against the defendant was not *Heck*-barred.  Id., at *1, 4, 5, 7.

Therefore, based on the foregoing, the possibility of success on Plaintiff's § 1983 claim would not ***necessarily*** render invalid the findings of his disciplinary proceeding.   Accordingly, Plaintiff's claim is not barred by the favorable termination rule.

### B. **Eighth Amendment, Qualified Immunity, and Motion to Strike**

In its motion to dismiss, Defendant asserts the related argument that Plaintiff's Eighth Amendment claim for excessive force and request for punitive damages should be dismissed because they do allege that Defendant acted maliciously or sadistically intending to cause harm—*assuming the facts in the RVR are true*.  (ECF No. 30, p. 17).  Defendant similarly asserts that he is entitled to qualified immunity and moves to strike Plaintiff's request for punitive damages.  (Id. at pgs. 18 & 20).  Specifically, Defendant claims:

> Because RVR Log No. FD-13-10-039 directly contradicts the allegations in the FAC, the Court need not assume that those allegations are true in ruling on

> Defendant's Motion to Dismiss. . . . According to the RVR, Plaintiff broke free from Defendant's grasp and lunged forward, striking his head on the glass window of the office door, causing the glass to break. . . . As Plaintiff's allegations are contradicted by the RVR, this Court need not accept them as true when ruling on the instant motion.

(ECF No. 30, at p. 16-17)  Defendant's arguments are thus all based on the assumption that the RVR's description of factual events should be accepted as true – not just the finding that Plaintiff resisted/obstructed a peace officer.

This is not a correction application of Heck.  The finding in Heck does not create a rule of evidence exclusion. Simpson v. Thomas, 528 F.3d 685, 696 (9th Cir. 2008).

> "We turn next to yet another issue of first impression in this circuit: whether *Heck v. Humphrey* maybe used to bar evidence in a §1983 claim for excessive force. We conclude that *Heck* does not create a rule of evidence exclusion.  Therefore, if, as in this case, a party is permitted to proceed on a §1983 claim, relevant evidence may not be barred under the rule announced in *Heck*."

Id. at 691.[1]

Defendant cites the case of Sprewell v. Golden State Warriors (9th Cir. 2001) 266 F.3d 979, 988, opinion amended on denial of reh'g (9th Cir. 2001) 275 F.3d 1187 supposedly for the proposition that "As Plaintiff's allegations are contradicted by the RVR, this Court need not accept them as true when ruling on the instant motion." (ECF No. 30, at p. 17)  The Court does not agree that the Sprewell case so holds.  Sprewell involved a challenge to an arbitration award, which the Court found was properly issued pursuant to the Collective Bargaining Agreement.  In the relevant portion of the case, the Ninth Circuit held that Plaintiff's claim to invalidate the arbitrator's finding on the basis of race discrimination was precluded by the arbitration award basing its punishment on purely non-racial grounds.   Id. at 989 ("The arbitration award effectively and persuasively fleshes out the fact that the actions taken by the

---

[1] Additionally, while defendant does not argue for it directly it does not appear that collateral estoppel is appropriate in this situation.  "…[W]e agree with many of our sister circuits in similar cases.  For example, in *VanGilder v. Baker,* 435 F.3d 689, 692 (7th Cir.2006), the Seventh Circuit noted that a plaintiff alleging excessive force '*does not collaterally attack his conviction* [or] deny that he resisted.... Rather, [plaintiff] claims that he suffered unnecessary injuries because [the] response to his resistance ... was not ... objectively reasonable.'" Hooper, 629 F.3d at 1133 (emphasis added).

11

NBA and the Warriors were motivated solely by Sprewell's misconduct and were not, as Sprewell states, the product of America's "fear of the black man's physicality and rage, and the fear and resentment of the black man's success, along with the corresponding anger that the black man is not grateful for what he has been 'given.' "). The 9th Circuit concluded "[b]ecause the attachments to Sprewell's complaint prove fatal to his claims, we affirm the district court's disposition of Sprewell's section 1981 cause of action." Id.

That case does not stand for a rule that factual findings mentioned in unappealed disciplinary proceedings are binding on 1983 cases. The Ninth Circuit's treatment of arbitration awards under collective bargaining agreements does not directly apply to prison disciplinary proceedings. Moreover, the situations are distinguishable. The issue in Sprewell was the basis of the arbitration award itself, i.e., whether it was based on race. And the arbitration award's bases, which were not based on race, logically disproved Sprewell's claim. Whereas here, the question in the 1983 case is not about the motive of the disciplinary committee—it is about what an officer did in fact after Plaintiff allegedly resisted and obstructed him.

Thus, as a matter of law, this Court is not bound by the factual findings listed in the RVR and the Court must accept the facts in the complaint as true for the motion to dismiss. For the reasons discussed in this Court's screening order, taking those allegations as true, Plaintiff has stated a claim for excessive force. Defendant's argument for qualified immunity based on imputing the facts from the RVR also fails. Additionally, if Defendant did slam Plaintiff's head through the window of the office door, Plaintiff may be entitled to punitive damages. Therefore, the motion to strike will be denied without prejudice.

V.     **CONCLUSION AND RECOMMENDATIONS**

The Court finds that Plaintiff's First Amended Complaint states a cognizable claim under the Eighth Amendment, and that the claim is not barred by the favorable termination rule. The Court also finds that at this stage in the case Defendant is not entitled to qualified immunity.

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that

Defendant's Rule 12(b)(6) motion to dismiss be DENIED.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **twenty-one (21) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that Defendant's motion to strike is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **March 7, 2017**                                /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE