UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PEREZ, <br><br> Plaintiff, <br><br> v. <br><br> R. PADILLA, <br><br> Defendant. | Case No. 1:14-cv-01730-DAD-EPG (PC) <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF <u>WILLIAMS</u> DECISION <br><br> (ECF NOS. 12 & 25) <br><br> OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Joseph Perez ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction. (ECF No. 3). Defendant declined to consent to magistrate judge jurisdiction. (ECF No. 37).

The Court previously screened Plaintiff's complaint before Defendant appeared. (ECF No. 25). The Court found that Plaintiff stated a cognizable claim against defendant R. Padilla for violation of the Eighth Amendment and dismissed all other claims and defendants. (<u>Id.</u>).

As described below, in light of Ninth Circuit authority, this Court is recommending that the assigned district judge dismiss claims and defendants consistent with the order by the magistrate judge at the screening stage.

**I.     <u>WILLIAMS V. KING</u>**

On November 9, 2017, the United States Court of Appeals for the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction and defendants had not yet been served. <u>Williams v. King</u>, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all

1

plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

Here, the defendants were not served at the time the Court issued its order dismissing claims and defendants, and therefore had not appeared or consented to magistrate judge jurisdiction. Accordingly, the magistrate judge lacked jurisdiction to dismiss claims and defendants based solely on Plaintiff's consent.

In light of the holding in Williams, this Court will recommend to the assigned district judge that he dismiss the claims and defendants previously dismissed by this Court, for the reasons provided in the Court's screening order.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S.

at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT

Plaintiff alleges that, on October 24, 2013, while leaving the Dining Hall after the evening meal, Correctional Officer Andrade ordered Plaintiff to empty his cup of potatoes. After Plaintiff complied, his legs were kicked out to the sides and Plaintiff was slammed to the ground. Andrade stated "next time I'll spray you." Plaintiff was then escorted to the Program Office by Correctional Officer Medina, taken to the security cage area, and again slammed against a wall.

At this point, defendant R. Padilla entered the area and slammed Plaintiff's head with sufficient force into the window of an office to break the glass and cause multiple head lacerations. Defendant Padilla then slammed Plaintiff to the ground as he was bleeding. Plaintiff was taken to the hospital and received stitches.

Plaintiff was charged with a rules violation report for resisting/obstructing a police officer. A staff assistant was assigned to Plaintiff. Plaintiff requested an investigative employee to interview witnesses, but the person refused. Plaintiff was found guilty. Plaintiff was not permitted to have a staff assistant in the hearing. The acting associate warden ordered the rules violation report to be reissued and reheard. When confronted by the staff assistant and the new investigative employee, Plaintiff declined to participate because he deemed it to be a farce. The assistant and employee were assigned to the same facility as the correctional officer who assaulted Plaintiff. Plaintiff was again found guilty.

### IV. EXCESSIVE FORCE

1. Legal Standards

In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person

acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. It is plaintiff's responsibility to allege facts to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillan, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

2. Analysis of Plaintiff's Claims

Plaintiff has stated a claim against R. Padilla for violation of the Eighth Amendment based on excessive force. Construing all of Plaintiff's allegations in favor of Plaintiff, Plaintiff

describes a use of force that was applied maliciously or sadistically to cause harm, rather than in a good-faith effort to maintain discipline.

## V. DUE PROCESS

### 1. Legal Standards

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

If there is a protected liberty interest at stake, the inquiry becomes what process is due. Wilkinson, 545 U.S. at 221. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.1994), abrogated on other grounds by Sandin, 515 U.S. 472, 115.

### 2. Analysis of Plaintiff's Claims

Plaintiff has failed to state a claim for violation of due process. As an initial matter, Plaintiff does not allege that a protected liberty interest is at stake. He merely alleges he was

found guilty of a rules violation, but not what the consequences of that finding were.

Moreover, Plaintiff has not alleged a lack of due process in light of the law discussed above. Plaintiff is not entitled in these circumstances to an independent assistant and investigative employee. Plaintiff has not alleged that the other aspects of due process were violated. Moreover, Plaintiff states that he declined to participate "in their farce." These events do not describe a constitutional violation for lack of due process.

## VI. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that all claims and defendants, except for Plaintiff's claim against defendant R. Padilla for violation of the Eighth Amendment based on excessive force, be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 6, 2017**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE